UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLARK A. BROOKS, | ) | 1:11-cv-00906-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF |
| | ) | |
| v. | ) | HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR |
| | ) | |
| | ) | HABEAS RELIEF |
| H. A. RIOS, JR., | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| Respondent. | ) | BE FILED WITHIN TWENTY DAYS |
| | ) | |
| | | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO A UNITED STATES DISTRICT JUDGE |

**PROCEDURAL HISTORY**

Petitioner is presently confined at the United States Penitentiary in Atwater, California. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, Petitioner alleges that he has been in the custody of the Bureau of Prisons ("BOP") since his 1994 conviction for armed robbery in the District of Columbia. (Doc. 1, p. 2). Although the allegations in the petition are difficult to comprehend, it appears that Petitioner contests the fact that he has been transferred to USP-Atwater, a high security institution, rather than a medium security institution. (Id., p. 3). Petitioner attributes this situation to the "removal without merit" of his "public safety factor," and the purportedly erroneous four-point increase in his classification score. (Id.). Petitioner appears to challenge the fact that the October 2008 decision to remove his "public safety

factor" was made by BOP staff at the institutional level, rather than by the Destination Sentence Computation Center. (Id.). The petition does not request any specific relief.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. This Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.3d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). After careful consideration, the Court concludes that it must dismiss the instant petition because Petitioner has failed to state a cognizable claim for federal habeas relief.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Writ of habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990).

Here, Petitioner does not challenge the fact or duration of his confinement. Rather, Petitioner challenges the conditions of his confinement, i.e., an increase in his classification score and the resulting incarceration at a high security facility. As such, Petitioner is challenging the conditions of his confinement.

Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should

be raised as Bivens action, not as § 2241 habeas action);  Nostratis v. Sugrue, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should be raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at *1 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another facility should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007)(habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to law library because they concern conditions of his confinement); Wilson v. Wrigley, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas corpus relief under § 2241 because his request to be transferred to another institution does not impact the duration of his confinement).

      Such district court decisions are consistent with Ninth Circuit case law as well as other circuit courts of appeals.  See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson, 408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison are generally not cognizable in habeas unless they impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions- including transfers to administrative segregation, exclusion from prison programs, or suspension of

privileges, e.g., conditions of confinement, must proceed under Section 1983 or <u>Bivens</u>.").

Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action should be dismissed without prejudice to his filing a <u>Bivens</u> civil rights action.

**ORDER**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 16, 2011**                              /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE